Barbara Katron (DC Bar #387970)
Erik Bond (NY Bar Reg. #4316030)
Andrew Dober (CA Bar #229657)

FEDERAL DEPOSIT INSURANCE CORPORATION
3501 N. Fairfax Drive, D-7026
Arlington, VA 22226
Telephone: (703) 562-6461
Fax: (703) 562-2477
erbond@fdic.gov
adober@fdic.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, *et al*., <br><br>     Plaintiffs, <br><br>       v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, <br><br>     Defendant. | Case No. 20-5860-JSW |

**ANSWER OF FEDERAL DEPOSIT INSURANCE CORPORATION**

The Federal Deposit Insurance Corporation ("FDIC"), in its corporate capacity, respectfully submits this Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"):

1.      Sentence 1 of this paragraph contains Plaintiffs' characterization of this action, for which no response is required. To the extent a response is required, the allegations are denied. Sentences 2 and 3 of this paragraph consist of legal conclusions to which no response is required, but to the extent a response is required, denied as pleaded. The allegations in Sentence

1

4 are Plaintiffs' characterization of Federal Interest Rate Authority, 12 C.F.R. Part 331 ("FDIC Final Rule"), and not allegations of fact for which a response is required. To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule. The FDIC denies the allegations contained in Sentences 5 and 6 of this paragraph.

2.      Sentence 1 of this paragraph is denied, except to admit that the District of Columbia and certain states, including California, Illinois, Massachusetts, Minnesota, New Jersey, New York, and North Carolina, have laws regulating maximum interest rates on loans. Sentences 2-5 are characterizations of the rationale for such laws and conclusions from various studies, not allegations of fact for which a response is required.  To the extent a response is required, the FDIC lacks knowledge or information sufficient to form a belief about the truth of the specific studies referenced in these sentences and further respectfully refers this Court to the cited studies for a full and accurate statement of their contents.  To the extent a response is required, the allegations are denied.

3.      The allegations in this paragraph are Plaintiffs' characterizations of State laws and their purported purposes, not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statutes for a full and accurate statement of their contents.  To the extent a response is required, denied.

4.      The allegations in this paragraph are Plaintiffs' characterizations of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1831d, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statute for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that statute.

5.      The allegations in this paragraph consist of Plaintiffs' characterizations of, and quotation from, the United States District Court for the District of Colorado's opinion in *Meade v. Avant of Colorado, LLC*, 307 F. Supp. 3d 1134 (D. Colo. 2018), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited opinion for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the cited opinion.

6.      Sentence 1 of this paragraph is denied, except to admit that the FDIC Final Rule was issued on July 22, 2020, and became effective August 21, 2020, and further, that the citation in the footnote to the FDIC Final Rule is accurate.  The allegations in Sentence 2 of this paragraph consist of Plaintiffs' characterization of, and quotation from, the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

7.      Sentence 1 of this paragraph, including its footnote, is admitted.  Sentences 2-5 contain Plaintiffs' characterizations of the FDIC Final Rule and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents. To the extent a response is required, the allegations are denied.

8.      The FDIC denies the allegations contained in this paragraph.

9.      The FDIC denies the allegations contained in this paragraph.

10.     The FDIC denies the allegations contained in this paragraph.

11.     The FDIC denies the allegations contained in this paragraph.

12.     The FDIC denies the allegations contained in this paragraph.

13.     The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

14.     The allegations in this paragraph are admitted.

15.     The allegations in this paragraph are admitted.

16.     The allegations in this paragraph consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is required, the allegations are denied, except the FDIC admits that an actual, present and justiciable controversy exists between the parties.

17.     The allegations in this paragraph are admitted.

18.     The allegations in this paragraph consist of conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is required, the allegations are denied.

19.     The FDIC admits the allegations contained in this paragraph.

20.     The FDIC admits the allegations contained in this paragraph.

21.     The FDIC admits the allegations contained in this paragraph.

22.     The FDIC admits the allegations contained in this paragraph.

23.     The FDIC admits the allegations contained in this paragraph.

24.     The FDIC admits the allegations contained in this paragraph.

25.     The FDIC admits the allegations contained in this paragraph.

26.     The FDIC admits the allegations contained in this paragraph.

27.     The FDIC admits the allegations contained in this paragraph.

28.     Sentences 1 and 2 are admitted.  The allegations in Sentences 3 and 4 of this paragraph are Plaintiffs' characterizations of the National Bank Act, 12 U.S.C. §§ 1 *et seq.*, 85, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these statutes for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with these statutes.

29.     The allegations in Sentence 1 of this paragraph consist of conclusions of law and Plaintiffs' characterizations of the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDMCA"), Pub. L. No. 96-221, 94 Stat. 132, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to that cited statute.  The allegations in Sentence 2 consist of Plaintiffs' characterizations of, and quotation from, 12 U.S.C. § 1831d, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statute for a full and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the cited statute.

30.     The allegations of Paragraph 30 are admitted.

31.     The allegations in this paragraph are Plaintiffs' characterizations of 12 U.S.C §

1831d, and not allegations of fact for which a response is required.  The FDIC respectfully refers

this Court to this statute for a full and accurate statement of its contents.  To the extent a

response is required, the FDIC denies any characterization inconsistent with this statute.

32.     The allegations in this paragraph are Plaintiffs' characterizations of 12 U.S.C. §

1831d(a), and not allegations of fact for which a response is required.  The FDIC respectfully

refers this Court to this statute for a full and accurate statement of its contents.  To the extent a

response is required, the FDIC denies any characterization inconsistent with this statute.

33.     The allegations of this paragraph are denied, except to admit that FDIC banks are

generally "located" in the state where they are chartered.

34.     The FDIC denies the allegations contained in this paragraph, as pleaded.

35.     The allegations in this paragraph are Plaintiffs' characterization of, and quotation

from the opinion of the Supreme Court in *Marquette Nat'l Bank of Minneapolis v. First of

Omaha Serv. Corp.*, 439 U.S. 299 (1978), and not allegations of fact for which a response is

required.  The FDIC respectfully refers this Court to the cited opinion for a full and accurate

statement of its contents.  To the extent a response is required, the allegations are denied.

36.     The FDIC denies the allegations of Sentence 1 of this paragraph, as pleaded.  The

allegations in Sentence 2 of this paragraph consist of Plaintiffs' characterizations of the

DIDMCA and 12 U.S.C. § 1831d, and not allegations of fact for which a response is required.

The FDIC respectfully refers this Court to the cited statutes for a full and accurate statement of

their contents.  To the extent a response is required, the FDIC denies any characterization

inconsistent with those statutes.

37.     The FDIC denies the allegations in Sentence 1 of this paragraph, as pleaded.

Sentence 2 consists of Plaintiffs' characterizations of comment letters submitted as part of the

rulemaking process, and not allegations of fact for which a response is required.  The FDIC

respectfully refers this Court to the referenced documents, which are part of the administrative

record, for a true and accurate statement of its contents.  To the extent a response is required,

denied.

38.    The allegations in this paragraph contain Plaintiffs' characterizations of the Second Circuit's opinion in *Madden v. Midland Funding, LLC*, 786 F.3d 246 (2d Cir. 2015) ("*Madden*"), *cert. denied*, 136 S. Ct. 2505 (2016), and of 12 U.S.C. § 1831d, and not allegations of fact to which a response is required.  The FDIC respectfully refers this Court to the cited opinion and statute for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the cited opinion and statute.

39.    Denied, except to admit that the FDIC issued its notice of proposed rulemaking on December 6, 2019, and that the FDIC Final Rule was adopted following a majority vote of its Board of Directors on June 25, 2020, with one director, Director Gruenberg, dissenting.

40.    This paragraph is admitted.

41.    The allegations in Sentences 1 and 2 of this paragraph are Plaintiffs' characterizations of the FDIC Final Rule and the OCC *Permissible Interest on Loans That Are Sold, Assigned, or Otherwise Transferred* ("OCC Final Rule"), 12 C.F.R. §§ 7.4001 (e), 160.110(d), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these rules for a full and accurate statement of their contents. To the extent a response is required, denied.  The allegations in Sentence 3 of this paragraph, including its footnote, are Plaintiffs' characterization of, and partial quotation from, the OCC's National Banks and Federal Savings Associations as Lenders, 12 C.F.R. § 7.1031, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited authority for a true and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the cited regulation.

42.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

43.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

44.    The allegations in this paragraph are Plaintiffs' characterizations of the FDIC Final Rule and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited rule for a full and accurate statement of its contents.  To the extent a

response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

45.     The allegations in this paragraph consist of Plaintiffs characterization of, and quotation from, 12 C.F.R. § 331.4(e), and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the cited provision for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the cited provision.

46.     The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of, and partial quotations from, 12 C.F.R. § 331.4(e), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

47.     The allegations in this paragraph are denied.

48.     The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

49.     The allegations in this paragraph are Plaintiffs' characterization of the FDIC Final Rule and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

50.     The allegations in this paragraph are Plaintiffs' characterization of *Madden*, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that decision.

51.     The allegations in this paragraph are Plaintiffs' characterization of *Madden*, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that decision.

52.     The allegations in this paragraph are Plaintiffs' characterization of *Madden*, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that decision.

53.     The allegation in this paragraph, including its footnote, is Plaintiffs' characterization of *Madden*, and not an allegation of fact for which a response is required.  The FDIC respectfully refers this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that decision.

54.     The FDIC denies the allegations contained in Sentences 1 and 2 of this paragraph, except admits that the FDIC Final Rule helps resolve uncertainty created by the *Madden* decision.  The allegations in Sentence 3 of this paragraph are Plaintiffs' characterizations of *In re Cmty. Bank of N. Va.*, 418 F.3d 277 (3d Cir. 2005), *as amended* (Sept. 21, 2005), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that decision.

55.     The allegations in Sentence 1 of this paragraph are Plaintiffs' characterization of, and partial quotation from, the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule. The allegations in Sentence 2 of this paragraph are denied.  The allegations in Sentence 3 of this paragraph are Plaintiffs' characterizations of Petition for a Writ of Certiorari and an Amici Curiae brief, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited Writ of Certiorari and Amici Curiae brief for a true and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterizations inconsistent with the referenced documents.

56.     The allegation in this paragraph is denied.

8

57.     The FDIC admits the allegations contained in Sentence 1 of Paragraph 57. Sentence 2 of Paragraph 57 contains argument and otherwise purports to characterize the contents of a *Washington Post* article, to which the FDIC refers this Court to for its contents, but if a response is required, denied.

58.     The allegations in this paragraph are Plaintiffs' characterization of written testimony from former Comptroller Joseph Otting before the House Financial Services Committee, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited written testimony for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that written testimony.

59.     The allegations in this paragraph are Plaintiffs' characterization of the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

60.     The allegations in Sentence 1 of this paragraph are Plaintiffs' characterization of the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.  The allegations in Sentence 2 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

61.     The allegations in this paragraph are denied, except to admit that *Madden* conflicts with the "valid-when-made" principle.

62.     The allegations in this paragraph consist of conclusions of law and argument, not allegations of fact for which a response is required.  To the extent a response is required, the allegations are denied.

9

63.     The allegations in Sentences 1 and 3 of this paragraph consist of Plaintiffs' characterizations of, and partial quotation from, the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.  The allegations in Sentence 2 of this paragraph, including its footnote, are Plaintiffs' characterization of, and quotation from, two statements given by the FDIC Chairman Jelena McWilliams, to which the FDIC respectfully refers this Court to for a complete and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced documents.

64.     The allegations in this paragraph, including the footnotes, are Plaintiffs' characterizations of, and quotations from, the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

65.     The allegations in this paragraph are denied.

66.     The allegations in Sentence 1 of this paragraph consist of conclusions of law, argument and Plaintiffs' characterizations of the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.  The allegations in Sentence 2 of this paragraph are Plaintiffs' characterization of the OCC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the OCC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the OCC Final Rule.  The allegations in Sentence 3 of this paragraph are Plaintiffs' characterizations of the FDIC Final Rule and OCC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited rules for a full and accurate statement of their contents. To the

10

extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule and OCC Final Rule. The allegations in Sentence 4 of this paragraph are denied.

67.     The allegations in this paragraph are denied.

68.     The allegations in Sentences 1, 2, and 6 of this paragraph are denied.  The allegations in Sentences 3, 4, and 5 of this paragraph consist of conclusions of law and argument to which no response is required.  To the extent a response is required, the allegations are denied.

69.     The allegations in Sentence 1 of this paragraph are Plaintiffs' characterization of, and quotation from, the FDIC Final Rule, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.  The allegations in Sentences 2 and 3 of this paragraph are conclusions of law and not allegations of fact for which a response is required. To the extent a response is required, the allegations are denied.

70.     The FDIC denies the allegations contained in this paragraph.

71.     The FDIC denies the allegations contained in this paragraph.

72.     The FDIC denies the allegations contained in this paragraph.

73.     The FDIC denies the allegations contained in this paragraph.

74.     The FDIC denies the allegations contained in this paragraph.

75.     Sentence 1 of this paragraph is not an allegation of fact to which a response is required.  To the extent a response is required, the allegation in Sentence 1 is denied. Sentences 2 through 5 of this paragraph consist of a hypothetical and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Sentences 6 through 8 of this paragraph consist of Plaintiffs' characterization of two Supreme Court cases, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited opinions for a full and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization in Sentences 6 through 8 inconsistent with these opinions.

76.     The FDIC denies the allegations contained in this paragraph.

11

1      77.     The FDIC denies the allegations contained in this paragraph.

2      78.     The FDIC denies the allegations contained in this paragraph.

3      79.     The allegations in Sentences 1 and 2 of this paragraph consist of Plaintiffs' characterizations of legal positions taken by various trade groups, and not allegations of fact for which a response is required.  To the extent a response is required, the allegations are denied. The FDIC denies the allegations in Sentences 3 and 4 of this paragraph, except to admit that the FDIC filed an Amicus Brief in *Rent-Rite Super Kegs West Ltd. v. World Business Lenders, LLC*, No. 19-cv-01552 (D. Colo. Sept. 10, 2019), ECF No. 11.  The allegations in Sentence 5 of this paragraph are denied, except to admit that the Second Circuit declined to reconsider *Madden* and the Supreme Court denied *certiorari*.  The FDIC respectfully refers this Court to the cited opinions for a full and accurate statement of their contents. The FDIC denies any characterization inconsistent with these decisions.

80.     The allegations in Sentence 1 of this paragraph are denied, except to admit that Congress did not enact the Protecting Consumers' Access to Credit Act of 2017.  The remaining allegations of this paragraph consist of Plaintiffs' characterization of the Protecting Consumers' Access to Credit Act of 2017 and the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited proposed legislation and the FDIC Final Rule for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the proposed legislation and the FDIC Final Rule.

81.     The FDIC denies this paragraph, except to admit that Congress did not enact the Protecting Consumers' Access to Credit Act of 2017.

82.     The allegations in this paragraph contain Plaintiffs' characterization of congressional actions and the cited statute, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the statute for a full and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the statute.

83.     The FDIC denies the allegations contained in this paragraph, as pleaded.

12

84.     The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

85.     The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

86.     The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

87.     The allegations in Sentences 1 and 3 of this paragraph consist of Plaintiffs' characterization of the FDIC Final Rule and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the FDIC Final Rule for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.  The allegations in Sentence 2 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

88.     The allegations in this paragraph are denied.

89.     The allegations in this paragraph consist of Plaintiffs' characterizations of "'rent-a-bank schemes'" and two comment letters submitted as part of the rulemaking process, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these referenced documents, which are part of the administrative record, for a full and accurate statement of their contents.  To the extent a response is required, the allegations are denied.

90.     The allegations in Sentence 1 of this paragraph are denied.  The allegations in Sentence 2 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

91.     The allegations in Sentences 1 and 4 of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, the allegations are denied. The allegations in Sentences 2 and 3 of this paragraph consist of conclusions of law and Plaintiffs' characterizations of, and partial quotation from, 12 U.S.C. § 1831d, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to

13

the referenced statute for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statute.

92.    The allegations in this paragraph consist of Plaintiffs' characterizations of the California Financing Law ("CFL"), the California Deferred Deposit Transaction Law ("CDDTL"), the California Unfair Competition Law ("CUCL"), and California's unconscionability jurisprudence, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to these authorities for a true and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with those statutes.

93.    The allegations in this paragraph consist of Plaintiffs' characterization of the CFL and not allegations of fact for which a response is required.  To the extent a response is required, the FDIC denies any characterization inconsistent with the statute.

94.    The allegations in this paragraph consist of Plaintiffs' characterization of the CFL and not allegations of fact for which a response is required.  To the extent a response is required, the FDIC denies any characterization inconsistent with the statute.

95.    The allegations in this paragraph consist of Plaintiffs' characterization of the CFL and a 2018 CFL-Annual Report, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the CFL and 2018 CFL-Annual Report for a true and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the statute or annual report.

96.    The allegations in this paragraph consist of Plaintiffs' characterization of the CFL, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the CFL for a true and accurate statement of its contents.  To the extent a response is required, the FDIC admits that the CFL places limits on the interest rates charged on certain loans described in that statute, consistent with federal law.

97.    The allegations in this paragraph consist of Plaintiffs' characterizations of the CFL and legislative history, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the CFL for a true and accurate statement of its contents. To the

14

1    extent a response is required, the FDIC denies any characterization inconsistent with that statute

2    or its legislative history.

3         98.    The allegations in this paragraph consist of Plaintiffs' characterizations of the

4    CDDTL, and not allegations of fact for which a response is required.  The FDIC respectfully

5    refers this Court to the CDDTL for a true and accurate statement of its contents.  To the extent a

6    response is required, the FDIC denies any characterization inconsistent with the CDDTL.

7         99.    The allegations in Sentence 1 of this paragraph are denied.  The remaining

8    allegations in this paragraph consist of Plaintiffs' characterization of a comment submitted in

9    response to the FDIC's notice of proposed rulemaking, and are not allegations of fact to which a

10   response is required.  The FDIC respectfully refers this Court to the cited comment for a true and

11   accurate statement of its contents.  To the extent a response is required, the FDIC denies any

12   characterization inconsistent with the cited comment.

13        100.   The allegations in this paragraph consist of Plaintiffs' characterization of, and a

14   quote from, a comment letter submitted as part of the rulemaking process, and not allegations of

15   fact for which a response is required.  The FDIC respectfully refers this Court to that document,

16   which is part of the administrative record, for a true and accurate statement of its contents.  To

17   the extent a response is required, the FDIC denies any characterization inconsistent with the

18   referenced document.

19        101.   The allegations in this paragraph consist of Plaintiffs' characterization of

20   comments submitted as part of the rulemaking process and not allegations of fact for which a

21   response is required.  The FDIC respectfully refers this Court to the referenced documents,

22   which are part of the administrative record, for a true and accurate statement of their contents.

23   To the extent a response is required, the FDIC denies any characterization inconsistent with the

24   referenced documents.

25        102.   The FDIC denies the allegations contained in this paragraph.

26        103.   The allegations in Sentence 1 of this paragraph consist of conclusions of law to

27   which no response is required.  To the extent a response is required, the FDIC denies the

28   allegations, except admits that the State of California licenses the activities of certain financial

entities operating in California.  The allegations in Sentence 2 of this paragraph consist of Plaintiffs' characterization of a comment submitted as part of the rulemaking process and not an allegation of fact for which a response is required. The FDIC respectfully refers this Court to the referenced document, which is part of the administrative record, for a true and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced document.  The FDIC denies the allegations contained in Sentence 3 of this paragraph.

104.    The allegations in this paragraph are denied.

105.    The allegations in Sentence 1 of this paragraph consist of legal conclusions for which no response is required, but if a response is required, denied as pleaded.  The allegations in Sentences 2 and 3 of this paragraph consist of Plaintiffs' characterizations of D.C. Code §§ 28-3301(a), 28-3302(a), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statutes for a full and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

106.    The allegations in this paragraph are Plaintiffs' characterizations of D.C. Code §§ 26-901, *et seq.*, and 16 DCMR § 201.1, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statutes for a full and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

107.    The allegations in this paragraph are Plaintiffs' characterizations of the Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901, *et seq.*, for which no response is required.  The FDIC respectfully refers this Court to the cited statute for a full and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the CPPA.

108.    The allegations in this paragraph, including its footnote, are Plaintiffs' characterizations of an action filed in the District Court of the District of Columbia, *District of Columbia v. Elevate Credit, Inc.*, No. 1:20-cv-01809-EGS (D.D.C. filed July 2, 2020), and not

allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited case for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced case.

109.    The allegations in this paragraph are admitted, upon information and belief.

110.    The FDIC denies the allegations contained in Sentences 1 and 2 of this paragraph, as pleaded.  The allegations in Sentence 3 of this paragraph consist of Plaintiffs' characterization of Illinois' Payday Loan Reform Act ("PLRA"), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the PLRA's provisions.

111.    The allegations in this paragraph consist of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the PLRA's provisions.

112.    The allegations in this paragraph consist of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  The FDIC respectfully refers the Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the PLRA's provisions.

113.    The allegations in this paragraph consist of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the PLRA's provisions.

114.    The allegations in this paragraph consist of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the PLRA's provisions.

115.    The FDIC denies the allegations in Sentence 1 of this paragraph, as pleaded.  The allegations in Sentences 2 and 3 of this paragraph consist of Plaintiffs' characterization of

17

Illinois' Consumer Installment Loan Act ("CILA"), and not allegations of fact to which a response is required.  The FDIC respectfully refers this Court to the CILA for a true and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the CILA's provisions.

116.    The allegations in this paragraph consist of Plaintiffs' characterization of the CILA, and not allegations of fact to which a response is required. The FDIC respectfully refers this Court to the CILA for a true and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the CILA's provisions.

117.    The allegations in this paragraph consist of Plaintiffs' characterization of the CILA, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the CILA for a true and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the CILA's provisions.

118.    The allegations in this paragraph consist of Plaintiffs' characterization of the PLRA and the CILA, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these statutes for a true and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with these statutes' provisions.

119.    The allegations in this paragraph consist of Plaintiffs' characterization of the CILA and the Illinois Financial Services Development Act ("FSDA"), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these statutes for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these statutes' provisions.

120.    The allegations in this paragraph consist of Plaintiffs' characterization of the PLRA, CILA, and FSDA, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to these statutes for a true and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with these statutes' provisions.

121.    The allegations in this paragraph consist of Plaintiffs' characterizations of Section 2Z of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") and the PLRA, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the Consumer Fraud Act and PLRA for a true and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with these statutes' provisions.

122.    The allegations in this paragraph consist of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the PLRA's provisions.

123.    The allegations in this paragraph are denied.

124.    The allegations in Sentence 1 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the FDIC admits that the State of Illinois licenses certain financial entities operating in Illinois.  The allegations in Sentences 2 and 3 of this paragraph are denied, as pleaded.

125.    The allegations in this paragraph are denied.

126.    The allegations in this paragraph are Plaintiffs' characterizations of Massachusetts General Laws Chapter 271, § 49, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the cited statute for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statute.

127.    The allegations in this paragraph are Plaintiffs' characterizations of Massachusetts General Laws Chapter 140, §§ 96 – 114A, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statutes for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

128.    The allegations in this paragraph consist of Plaintiffs' quotation from Massachusetts General Laws Chapter 140, § 96, and not allegations of fact for which a response

19

is required.  The FDIC respectfully refers this Court to the referenced statutory provision for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced provision.

129.    The allegations in this paragraph consist of Plaintiffs' characterization of, and quotation from, Massachusetts General Laws Chapter 140, § 110, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the referenced statute for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statute.

130.    The allegations in this paragraph are Plaintiffs' characterizations of Massachusetts General Laws Chapter 12, § 10, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statute for a full and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statute.

131.    The allegations in this paragraph are denied.

132.    The allegations in this paragraph are Plaintiffs' characterizations of Minnesota Statute § 334.01, subdivision 1, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statute for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statute.

133.    The allegations in this paragraph are Plaintiffs' characterizations of Minnesota Statute §§ 45.59; 47.59, subd. 3, subd. 4, subd. 4a; 47.60; 334.03; and Minnesota Statute Chapter 56, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these referenced provisions for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

134.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of the Minnesota Regulated Loan Act, Minn. Stat. ch. 56, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statute

20

for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statute.

135.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of Minnesota Statute §§ 47.60-.602, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the referenced statutes for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

136.    The allegations in Sentence 1 of this paragraph consist of conclusions of law and Plaintiffs' characterizations of the Minnesota Court of Appeals' decision in *State v. Minnesota School of Business, Inc.*, No. A18-1761, 2019 WL 2333921 (Minn. Ct. App. June 3, 2019), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited decision for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced decision.  The allegations in Sentences 2-4 of this paragraph are Plaintiffs' characterizations of Minnesota Statute §§ 8.31, subd. 3; 47.601, subd. 6; 56.19, subd. 3; 334.03; 334.05, the Supreme Court of Minnesota's decision in *Midland Loan Finance Co. v. Lorentz*, 296 N.W. 911, 915 (Minn. 1941), and the Minnesota Court of Appeals' decision in *Minnesota School of Business*, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited authorities for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with these referenced authorities.

137.    The allegations in Sentence 1 of this paragraph are Plaintiffs' characterizations of the FDIC Final Rule, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the FDIC Final Rule for a complete and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.  The allegations in Sentence 2 of this paragraph are denied.

138.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are

denied, except to admit that the State of Minnesota licenses and governs the activities of certain lenders and other financial entities operating in Minnesota.

139.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of New Jersey Administrative Code § 3:1-1.1(a) and New Jersey Statutes Annotated §§ 31:1-1, 2C:21-19, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to these cited statutes for a full and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

140.    The allegations in Sentences 1-3 of this paragraph consist of conclusions of law and Plaintiffs' characterizations of the New Jersey Consumer Finance Licensing Act ("NJCFLA"), N.J. Stat. Ann. § 17:11C-1 *et seq.*, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the referenced statute for a full and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statute. The allegations in Sentence 4 of this paragraph, including its footnote, consist of conclusions of law and Plaintiffs' characterizations of New Jersey Administrative Code § 3:1-1.1(a); New Jersey Statutes Annotated §§ 31:1-1, 2C:21-19, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to these referenced statutes for a full and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

141.    The allegations in this paragraph are denied.

142.    The allegations in this paragraph consist of Plaintiffs' characterization of New York General Obligations Law §§ 5-501, 5-511; New York Banking Law §§ 14-a, 340, and 356; and New York Penal Law §§ 190.40, 190.42, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to these statutory provisions for a true and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with these authorities.

143.    The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of New York Banking Law §§ 340 and 356, as well as several federal court decisions, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to these authorities for a true and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with these authorities.

144.    The FDIC denies the allegations contained in this paragraph, as pleaded.

145.    The allegations in this paragraph consist of Plaintiffs' characterization of the New York Executive Law § 63(12), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to that statutory provision for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that statutory provision.

146.    The allegations in this paragraph consist of Plaintiffs' characterization of legal actions taken by the New York Attorney General, and not allegations of fact to which an answer is required.  To the extent a response is required, the allegations are denied, except to admit that Plaintiffs reference cases that relate to usury laws.

147.    The allegations in this paragraph consist of Plaintiffs' characterization of New York Financial Services Law §§ 101 *et seq*. and New York Banking Law § 14-a, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these statutory provisions for a true and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with these statutory provisions.

148.    The allegations in this paragraph consist of Plaintiffs' characterization of New York Financial Services Law §§ 101 *et seq*., and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these statutory provisions for a true and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with these statutory provisions.

149.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterization of North Carolina General Statutes § 24.2.1(g), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the referenced statutory provision for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutory provision.

150.    The allegations in this paragraph, including its footnotes, are Plaintiffs' characterizations of North Carolina General Statutes § 24-2.1(a), (b), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these referenced statutory provisions for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutory provisions.

151.    The allegations in this paragraph are Plaintiffs' characterizations of North Carolina General Statutes § 24-1.1(a), (c), and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to these referenced statutory provisions for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutory provisions.

152.    The allegations in this paragraph are Plaintiffs' characterizations of the North Carolina Consumer Finance Act ("CFA"), N.C. Gen. Stat. § 53-176(a), (b), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these referenced statutory provisions for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutory provisions.

153.    The allegations in this paragraph are Plaintiffs' characterizations of the CFA, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the CFA for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the CFA.

154.    The allegations in this paragraph consist of Plaintiffs' characterizations of North Carolina General Statutes §§ 24-2, 53-166(d), and not allegations of fact for which a response is

24

required.  The FDIC respectfully refers this Court to these referenced statutes for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

155.   The allegations in this paragraph, including its footnote, consist of conclusions of law and Plaintiffs' characterization of North Carolina General Statutes §§ 75-14, -15.1, -15.2, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the referenced statutes for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with these referenced statutes.

156.   The allegations of this paragraph are denied, as pleaded.

157.   The allegations of this paragraph are denied, as pleaded.

158.   The allegations in this paragraph are denied.

159.   The allegations in Sentences 1 and 3 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except to admit that the State of North Carolina licenses and governs the activities of certain lenders and other financial entities operating in North Carolina.  The allegations in Sentence 2 of this paragraph consist of Plaintiffs' characterizations of claims made by parties in the Eastern District Court of North Carolina's decision in *Goleta National Bank v. Lingerfelt*, 211 F. Supp. 2d 711 (E.D.N.C. 2002) and the North Carolina Commissioner of Banks' decision in *In re Advance America*, No. 05:008:CF (N.C. Comm'r of Banks Dec. 22, 2005), and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to these cited decisions for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the cited decisions.

160.   The allegations in this paragraph are denied.

161.   The allegations in this paragraph are denied.

162.   The allegations in Sentence 1 of this paragraph are conclusions of law and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied. The allegations in Sentences 2 and 3 consist of Plaintiffs' characterization

25

of various court opinions, not allegations to which a response is required. The FDIC respectfully refers this Court to those authorities for a true and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with those authorities.

163.    The FDIC denies the allegations contained in this paragraph.

164.    The FDIC denies the allegations contained in Sentence 1 of this paragraph.  The allegations in Sentences 2-4 of this paragraph constitute Plaintiffs' characterizations of law review articles and studies, and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied.

165.    The FDIC denies the allegations contained in Sentence 1 of this paragraph.  The FDIC lacks knowledge sufficient to form a belief as to the allegations contained in Sentence 2 of this paragraph.  The allegations in Sentence 3 are denied.

166.    The allegations in Sentences 1, 2, and 4 of this paragraph are conclusions of law and not allegations of fact to which a response is required.  To the extent a response is required, the allegations in Sentences 1, 2, and 4 are denied.  The allegations in Sentence 3 of this paragraph consist of Plaintiffs' characterization of a comment letter submitted as part of the rulemaking process, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to that document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced document.

167.    The allegation in Sentence 1 of this paragraph is admitted insofar as the FDIA applies to the States' residents; the FDIC lacks knowledge or information sufficient to form a belief about whether the States dispute the FDIA's applicability.  The allegations in Sentence 2 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in Sentence 3 of this paragraph consist of Plaintiffs' characterization of 12 U.S.C. § 1831d, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to this statutory provision for a

full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that statutory provision.

168.    The allegations in Sentence 1 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. The FDIC denies the allegations contained in Sentence 2 of this paragraph.  Sentence 3 of this paragraph consist of Plaintiffs' characterizations of 12 U.S.C. § 1831d(b), and not allegations of fact to which a response is required. The FDIC respectfully refers this Court to this statutory provision for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with that statutory provision.  The allegations in Sentence 4 of this paragraph consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

169.    The allegations in Sentence 1 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. The allegations in Sentence 2 consist of Plaintiffs' characterization of various state laws referenced elsewhere in the Complaint, and not allegations of fact to which a response is required.  The FDIC respectfully refers this Court to those state laws for a true and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with those state laws. The allegations in Sentence 3 are denied, except to admit that the States have authority to enforce compliance with their state's lending laws with respect to institutions that fall within their jurisdiction. The allegations in Sentence 4 consist of Plaintiffs' characterization of, and partial quotation from, a comment letter submitted as part of the rulemaking process, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to that document, which is part of the administrative record, for a true and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced document.

170.    The FDIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1 of this paragraph.  To the extent a response is required, the allegations are denied.  The allegations in Sentence 2 of this paragraph consist of conclusions of

27

law to which no response is required.  To the extent a response is required, the allegations are denied.

171.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

172.    The allegations in this paragraph consist of Plaintiffs' characterizations and quotations of Supreme Court and D.C. Circuit opinions, and not allegations of fact to which a response is required.  The FDIC respectfully refers this Court to these opinions for a true and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with those opinions.

173.    The allegations in Sentence 1 of this paragraph are denied, except to admit that the FDIC did rely on 12 U.S.C. § 1831d in issuing the FDIC Final Rule.  The allegations in Sentences 2-4 consist of Plaintiffs' characterization of 12 U.S.C. § 1831d, and not allegations to which a response is required.  The FDIC respectfully refers this Court to the statute for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies the allegations contained in Sentences 2-4.

174.    The allegations in Sentences 1 and 2 of this paragraph consist of Plaintiffs' characterization of 12 U.S.C. § 1831d, and not allegations of fact to which a response is required.  The FDIC respectfully refers this Court to this statutory provision for a true and accurate statement of its contents. To the extent a response is required, the FDIC denies the allegations contained in Sentence 1 and 2, as pleaded.  The allegation in Sentence 3 of this paragraph is a quotation from a judicial opinion, and not an allegation of fact for which a response is required.  The FDIC respectfully refers this Court to the cited opinion for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with this opinion.

175.    The allegations in this paragraph are Plaintiffs' characterization of the FDIC Final Rule and 12 U.S.C. § 1831d, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule and this statutory provision for a full

and accurate statement of their contents.  To the extent a response is required, the FDIC denies the allegations contained in this paragraph.

176.    The allegations in this paragraph consist of Plaintiffs' characterizations of, and quotations from, the FDIC Final Rule, for which no response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

177.    The allegations in this paragraph are denied.

178.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterization of, and quotation from, the FDIC Final Rule, for which no response is required. The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

179.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterization of, and partial quotation from, the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

180.    The FDIC denies the allegations contained in this paragraph.

181.    The allegations in Sentence 1 of this paragraph consist of conclusions of law and Plaintiffs' characterization of, and quotation from, 12 U.S.C. § 1831d, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the referenced statute for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statute.  The allegations in Sentence 2 of this paragraph are Plaintiffs' characterization of, and quotation from, the District Court of Colorado's decision in *Meade*, for which no response is required.  The FDIC respectfully refers this Court to the cited decision for a full and accurate statement of its

contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced decision.

182.    The FDIC denies the allegations contained in Sentence 1 of this paragraph.  The allegations in Sentence 2 in this paragraph consist of conclusions of law and Plaintiffs' characterization of, and quotation from, the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

183.    The FDIC denies the allegations contained in this paragraph.

184.    The FDIC denies the allegations contained in this paragraph.

185.    The FDIC denies the allegations contained in this paragraph.

186.    The FDIC denies the allegations contained in this paragraph.

187.    The FDIC denies the allegations contained in Sentences 1 and 2 of this paragraph. The allegations in Sentences 3 and 4 of this paragraph consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  The allegations in Sentence 5 of this paragraph is a quotation from a Supreme Court opinion, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited opinion for a full and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization in Sentence 5 inconsistent with this opinion.

188.    The FDIC denies the allegations contained in this paragraph.

189.    This paragraph contains conclusions of law, and not allegations of fact to which a response is required.  The FDIC respectfully refers this Court to the cited opinion for a true and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced opinion.

190.    The FDIC denies the allegations contained in this paragraph.

191.    The allegations in this paragraph are Plaintiffs' characterization of, and partial quotation from, the FDIC Final Rule, and not allegations of fact for which a response is required. The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement

30

of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

192.    The allegations in Sentence 1 of this paragraph are denied.  The allegations in Sentences 2 and 3 of this paragraph consist of Plaintiffs' characterization of, and partial quotation of, 12 U.S.C. § 85, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the referenced statute for a full and accurate statement of its contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statute.  The allegations in Sentences 4-6 of this paragraph consist of conclusions of law and Plaintiffs' characterizations of 12 U.S.C. § 85, and the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), 12 U.S.C. § 25b, for which no response is required.  The FDIC respectfully refers this Court to the referenced statutes for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

193.    The allegations in this paragraph are denied.

194.    The allegations in this paragraph are denied.

195.    The FDIC denies the allegations contained in Sentence 1 of this paragraph. Sentences 2-3 consist of conclusions of law to which no response is required, but to the extent a response is required, denied.

196.    The FDIC denies the allegations contained in this paragraph.

197.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of 12 U.S.C. §§ 1735f-7a and 1831d, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited statutes for a full and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced statutes.

198.    The FDIC denies the allegations contained in this paragraph.

199.    The FDIC denies the allegations contained in this paragraph.

200.    The allegations in this paragraph, including its footnote, consist of conclusions of law for which no response is required.  To the extent a response is required, the allegations are denied.

201.    The FDIC denies the allegations contained in this paragraph.

202.    The allegations of this paragraph are Plaintiffs' characterization of, and quotation from, the FDIC's Proposed Rule ("FDIC Proposed Rule"), 84 Fed. Reg. 66,845 (Dec. 6, 2019), and the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Proposed Rule and FDIC Final Rule for a full and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with these authorities.

203.    The FDIC denies the allegations contained in this paragraph.

204.    The allegations in Sentences 1 and 4-6 of this paragraph are denied.  The allegations in Sentences 2 and 3 are Plaintiffs' characterizations, and partial quotations from, the Second Circuit's decision in *Madden*, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the cited decision for a full and accurate statement of its contents. To the extent a response is required, denied.

205.    The allegations in Sentence 1 of this paragraph are denied.  The remainder of this paragraph is a quotation from a comment letter submitted as part of the rulemaking process, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to that document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced document.

206.    The allegations in Sentence 1 of this paragraph are denied.  The allegations in Sentences 2 and 3 of this paragraph consist of Plaintiffs' characterization of state law and the Second Circuit's *Madden* decision, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to those authorities for a true and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with those authorities.

32

1      207.     The FDIC denies the allegations contained in this paragraph.

2      208.     The FDIC denies the allegations contained in this paragraph.

3      209.     The allegations in Sentence 1 of this paragraph consist of conclusions of law and

Plaintiffs' characterizations of 12 U.S.C. § 1831d, and not allegations of fact for which a

response is required.  The FDIC respectfully refers this Court to the cited statute for a full and

accurate statement of its contents.  To the extent a response is required, the FDIC denies any

characterization inconsistent with the referenced statute. The allegations in Sentence 2 of this

paragraph are Plaintiffs' characterizations of the FDIC Final Rule, and not allegations of fact for

which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for

a full and accurate statement of its contents.  To the extent a response is required, the FDIC

denies any characterization inconsistent with the FDIC Final Rule.

12     210.     The allegations in this paragraph consist of conclusions of law to which no

response is required.  To the extent a response is required, the allegations are denied.

14     211.     The allegations in Sentences 1 and 2 of this paragraph are Plaintiffs'

characterization of consumer-protection laws and not an allegation of fact for which a response

is required.  To the extent a response is required, the FDIC denies any characterization

inconsistent with the referenced provisions.  The FDIC denies the allegations contained in

Sentence 3 of this paragraph.

19     212.     The FDIC denies the allegations contained in this paragraph.

20     213.     The allegations in Sentences 1 of this paragraph consist of conclusions of law to

which no response is required.  To the extent a response is required, the allegations are denied.

The FDIC denies the allegations contained in Sentences 2 and 3 of this paragraph.

23     214.     The allegations in this paragraph, including its footnote, consist of Plaintiffs'

characterization of 12 U.S.C. §§ 1819(a) and 1820(g) and the FDIC's Final Rule and not

allegations of fact for which a response is required. To the extent a response is required, the

FDIC denies any characterization inconsistent with the statutes and the FDIC's Final Rule.

27     215.     The allegations in this paragraph consist of conclusions of law to which no

response is required.  To the extent a response is required, the allegations are denied.

33

216.    The FDIC denies the allegations contained in this paragraph.

217.    The FDIC denies the allegations contained in this paragraph.

218.    The FDIC denies the allegations contained in this paragraph.

219.    The allegations in this paragraph are characterizations of, and quotations from, a speech given by former Comptroller of the Currency John D. Hawke, Jr. and OCC Bulletin 2001-47, to which the FDIC respectfully refers this Court to for a complete and accurate statement of their contents.  To the extent a response is required, denied.

220.    The allegation in Sentence 1 of this paragraph is a quotation from the FDIC Proposed Rule and FDIC Final Rule, to which the FDIC respectfully refers this Court to for a complete and accurate statement of their contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced documents.  The allegations in Sentences 2-6 of this paragraph are denied.

221.    The allegations in this paragraph are denied.

222.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

223.    The allegations in this paragraph, including its footnotes, consist of conclusions of law and Plaintiffs' characterizations of Section 525 of the DIDMCA and the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the referenced authorities for a full and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced authorities.

224.    The allegations in this paragraph are conclusions of law and Plaintiffs' characterizations of the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate

statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

225.    The FDIC denies the allegations contained in this paragraph.

226.    The FDIC denies the allegations contained in this paragraph.

227.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

228.    The FDIC denies the allegations contained in this paragraph, as pleaded.

229.    The FDIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent a response is required, the allegations are denied.

230.    This paragraph, including its subparts and footnotes, consists of Plaintiffs' characterizations of, and quotes from, four different comment letters submitted as part of the rulemaking process, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to those documents, which are part of the administrative record, for a true and accurate statement of their contents. To the extent a response is required, the FDIC denies any characterization inconsistent with the referenced documents.

231.    The allegations in Sentences 1 and 2 of this paragraph are denied.  The allegations in Sentence 3 of this paragraph consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

232.    The allegations in Sentence 1 of this paragraph are denied.  The allegations in Sentences 2 and 3 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

233.    The FDIC denies the allegations contained in this paragraph.

234.    The allegations in Sentences 1 and 2 of this paragraph consist of Plaintiffs' characterizations of the FDIC Final Rule, and not allegations of fact for which a response is required.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.  The allegations in Sentences 3 and 4 are denied.  The allegations in

Sentence 5 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

235.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

236.    The FDIC denies the allegations contained in this paragraph.

237.    The FDIC denies the allegations contained in this paragraph.

238.    The FDIC denies the allegations contained in this paragraph.

239.    The allegations in this paragraph are Plaintiffs' characterization of, and quotation from, the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

240.    The FDIC denies the allegations contained in this paragraph.

241.    The FDIC denies the allegations contained in this paragraph.

242.    The FDIC denies the allegations contained in this paragraph.

243.    The allegations in Sentence 1 of this paragraph are Plaintiffs' characterizations of the FDIC Final Rule, and not allegations of fact for which a response is required.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.  The allegations in Sentences 2 and 3 of this paragraph are denied.

244.    The FDIC denies the allegations contained in this paragraph.

245.    The allegations in Sentences 1 and 2 of this paragraph are Plaintiffs' characterizations of, and quotations from, the FDIC Final Rule, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule. The allegations in Sentence 3 of this paragraph are denied.

246.    The allegations in this paragraph are Plaintiffs' characterizations of, and quotations from, the FDIC Final Rule, and not allegations of fact for which a response is required.  The

36

FDIC respectfully refers this Court to the FDIC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, the FDIC denies any characterization inconsistent with the FDIC Final Rule.

247.    The FDIC denies the allegations contained in this paragraph.

248.    The allegations in Sentences 1 and 4 of this paragraph are denied.  The allegations in Sentences 2 and 3 of this paragraph are Plaintiffs' characterization of, and quotation from, a comment letter submitted as part of the rulemaking process, and not allegations of fact for which a response is required.  The FDIC respectfully refers this Court to the referenced document, which is part of the administrative record, for a full and accurate statement of its contents.  To the extent a response is required, denied.

249.    The allegations in this paragraph are Plaintiffs' characterization of the comment referenced in the footnote, and not an allegation of fact for which a response is required.  To the extent a response is required, denied as pleaded.

250.    The FDIC denies the allegations contained in this paragraph.

251.    The FDIC denies the allegations contained in this paragraph.

252.    The FDIC denies the allegations contained in this paragraph.

253.    The FDIC denies the allegations contained in this paragraph.

254.    The FDIC denies the allegations contained in this paragraph.

255.    The FDIC denies the allegations contained in this paragraph.

256.    The FDIC denies the allegations contained in this paragraph.

257.    The FDIC incorporates by reference its responses to Paragraphs 1 through 256 of the Complaint as if set forth herein.

258.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

259.    The FDIC denies the allegations contained in this paragraph.

260.    The FDIC denies the allegations contained in this paragraph.

261.    The FDIC incorporates by reference its responses to the foregoing paragraphs 1 through 260 of the Complaint as if set forth herein.

37

262.     The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

263.     The FDIC denies the allegations contained in this paragraph.

264.     The FDIC denies the allegations contained in this paragraph.

265.     This paragraph, including subparts (A)-(E) contains Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, the FDIC denies that Plaintiffs are entitled to the relief requested or any relief.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.  Plaintiffs' inclusion of footnotes throughout the Complaint does not comply with Federal Rule of Civil Procedure 10(b), requiring that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  As such, no response is required to these footnotes.  The FDIC reserves the right to raise any affirmative defense or defenses not asserted herein which it may become aware of through investigation.

Dated:  March 25, 2021

FEDERAL DEPOSIT INSURANCE CORPORATION
Barbara Katron (DC Bar #387970)
Senior Counsel, Corporate Litigation Unit


By:    /s/ Erik Bond
Erik Bond (NY Bar Reg. #4316030)
Andrew Dober (CA Bar #229657)
Counsel, Corporate Litigation Unit

3501 N. Fairfax Drive, D-7026
Arlington, VA 22226
Telephone: (703) 562-6461
Fax: (703) 562-2477
erbond@fdic.gov
adober@fdic.gov

39